James Milford **BRAZZELL**, Israel Seawood, Luther Lee Smith, Theodore Roosevelt Goggins, Acordy St. Clair Rimes and Ida Marie Sharpe, Appellants,

v.

**UNITED STATES of America,**
Appellee.

No. 22669.

United States Court of Appeals
Fifth Circuit.

June 27, 1966.

Rehearing Denied Sept. 13, 1966.

William W. Judge, Daytona Beach, Fla., for appellants.

James H. Walsh, Bernard Nachman, Asst. U. S. Attys., Jacksonville, Fla., for appellee.

Before WISDOM and THORNBERRY, Circuit Judges, and COX,[*] District Judge.

**PER CURIAM:**

The appellants were convicted by the Court without the intervention of a jury of engaging in the business [1] of accepting wagers and conspiring to evade the Federal tax on such business and were sentenced to one year and a day. The officers had a writ for the arrest of two of the appellants (Smith and Seawood). They likewise had a search warrant for the search of the premises at 715 Palmetto Street in Eustis, Florida, when Smith and Seawood emerged from the 715 Palmetto Street address and proceeded in

---

[*] William Harold Cox, United States District Judge for the Southern District of Mississippi, sitting by designation.

1. The indictment was in fourteen counts. They were charged with accepting wagers as defined by § 4421, evading the tax thereon as proscribed by § 4411, failing to pay such tax and failing to register as required by § 4412 Internal Revenue Code 1954; and attempting to conceal such business and failing to file a return as required by 26 U.S.C. § 7201. The conspiracy was based on 18 U.S.C. § 371.

view of the officers to the 636 Palmetto Street address. The officers followed them to the latter address and were voluntarily admitted and Smith and Seawood were pointed out to the officers and those appellants were then arrested. In full view of the officers when such arrest was made were some gambling paraphernalia in common use in Volita lottery operations. The government agent was familiar with such operations and recognized some of the equipment and supplies as hallmarks of the trade.

 The appellants complain that the search and seizure under the circumstances at 636 Palmetto Street violated their Fourth Amendment rights. They contended that the officers had every opportunity to arrest Smith and Seawood on the warrant for their arrest prior to their entrance at 636 Palmetto Street and that this delay was a subterfuge to enable the officers to make a general search without a warrant. The trial judge heard the facts and was informed of the circumstances and concluded that the seizure of the property at 636 Palmetto Street was incidental to the arrest. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653. That view is supported by abundant evidence in this record. The appellants further contend that the search warrant embracing the premises at 715 Palmetto Street was improvidently issued on hearsay testimony and that there was no probable cause to justify its issuance. It suffices to say that the record does not support such contention. The trial court properly overruled appellants' motions to suppress the evidence and for acquittal. This seizure of this property incidental to this arrest of these appellants under this warrant was reasonable and not in violation of any Fourth Amendment rights of appellants as the trial court properly held. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; Leahy v. United States of America, (9CA) 272 F.2d 487; Davis v. United States of America, (9CA) 327 F.2d 301; Carlo v. United States of America, (2CA) 286 F.2d 841. The appellants waived a

jury and waived the special finding of facts required by Rule 23(c) of the Federal Rules of Criminal Procedure, and agreed that the Court simply decide as to the guilt or innocence of the appellants and it so did.

There is no reversible error in this record and the judgment of the trial court is affirmed.

### Petition for Rehearing

The appellants petition for rehearing in reliance upon United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 and McKnight v. United States, 87 U.S.App.D.C. 151, 183 F.2d 977 is without merit under the totally different facts and circumstances in this case and is, therefore, denied.